JOEL ROSE, Respondent, vs. WILLIAM H. ROBERTS, Appellant.

APPEAL FROM THE DISTRICT COURT OF FILLMORE COUNTY.

In the construction of a contract the rule is, that every contract is to be construed with reference to its object and the whole of its terms; and accordingly the whole context must be considered in endeavoring to collect the intention of the parties, even although the immediate object of inquiry be the meaning of an isolated clause.

Points and authorities for Appellant.

I. This contract imposed upon the Appellant only the obligations and liability of a gratuitous trustee, or an assignee for the benefit of creditors. To authorize an action to be maintained against him, it was incumbent on the Respondent to show that some loss had been sustained by his negligence, want of caution, mistake, or positive misconduct. *Burrell on Assignments*, ch. 47, *pp.* 553 to 559. No allegation of that kind is in the complaint.

II. The complaint shows that the contract was without consideration.

III. Where the contract upon its face shows that there is no consideration, it disproves any presumptive evidence created by a seal. 2 *Kent's Com.*, 594, *Note a.*

IV. The complaint does not show that the Respondent was under any obligation to pay the debts of Clark, Roberts & Co., and if he did pay them that any liability accrued to him from the Appellant on that account.

Points and authorities for Respondent.

I. The whole instrument will not bear the construction of trusteeship in Appellant. He was a *purchaser*, not a trustee—one

of the conditions of the purchase being the payment of the $100 each to his associates, and another the payment of the debts of the firm—the *two* forming a consideration paid to him for the partnership assets. As supporting this construction it is quite significant that there is no covenant in the contract on the part of Appellant to account with his late associates for the property transferred, or to pay over to them any surplus moneys remaining after satisfying the debts of the firm. This construction is reasonable. *Chitty on Contracts*, 75, etc.; *Id.*, 83, 84, etc.; *Id.*, 86, etc., 3 *Randolph*, 487.

II. The seal imports a consideration. *Chitty on Con.*, *p. 5*, *margin;* 2 *Kent's Com.*, 584.

H. C. BUTLER and C. G. RIPLEY, Counsel for Appellant.

R. A. JONES, Counsel for Respondent.

*By the Court*—ATWATER, J.—Demurrer to complaint. The complaint shows that on the 28th day of November, 1854, the Plaintiff, one Byron Clark, and the Defendant in this action, were theretofore partners in business in the State of Pennsylvania, under the firm name and style of Clark, Roberts & Co.; that on the said day the firm dissolved their connection as copartners, and entered into an agreement with each other which, after recognizing the previously existing partnership and its dissolution on that day, proceeds as follows:

" Now this agreement witnesseth that the said Byron Clark and Joel Rose has sold, assigned, transferred and set over, &c., unto the said W. H. Roberts their part of all the goods, wares, merchandise, property and effects, and stock in trade belonging to said copartnership, and also all the accounts, notes, and claims and demands due and owing to the said firm, to have and to hold the same unto himself and his assigns in trust to sell the said property and effects in such manner as he may think proper, and to collect, demand, sue for and receive all sums of money due or

to become due upon the said claims and demands, and with the money thus collected, realized and obtained, to pay off and discharge all the debts and obligations of the said firm.

"The said Roberts does hereby agree to pay the said Clark and Rose $100 each for their interest in the above mentioned concern. And he further agrees to pay all debts and demands against the said firm of Clark, Roberts & Co.

"The said W. H. Roberts further agrees to pay off the debts that are now due, which have been contracted by the firm of Clark, Roberts & Co., before he pays any debts contracted by himself, individually or collectively, and save the said Byron Clark and Joel Rose harmless from any debts which stand against the said firm of Clark, Roberts & Co."

This agreement was signed by the parties under seal, and the receipt of the $100 by each of the parties endorsed on the same.

The complaint then goes on to state that at the time of the execution of this agreement, the said firm had a general assortment of mercantile goods, and had notes and accounts due and owing, and to become due and owing to them, amounting in all to several thousand dollars. That under and by virtue of the agreement, the Defendant went into full possession of the partnership property, and had the entire and exclusive control thereof.

That the indebtedness of the firm at that time amounted to over $2000. That among others they were indebted to S. Hutchinson & Co., and H. G. Reve & Co., of New York, in an aggregate sum of about fifteen hundred dollars, for goods and merchandise purchased of them by the firm of Clark, Roberts & Co.; that in 1855, and previous to December 1st, the demand of Reve & Co. was assigned to Hutchinson & Co.; that the Defendant neglected and refused to pay these debts; that Hutchinson & Co. demanded payment of Plaintiff, who being unable to pay the same at the time, the Plaintiff and Clark gave an obligation in writing, agreeing to pay the same one day after date, and also authorizing any attorney of the Court of Common Pleas in the State of Pennsylvania to confess judgment for the amount, &c.; that judgment was entered on said obligation December 8, 1855, and that subse-

quently the Plaintiff was compelled to pay the judgment with interest and costs.

The complaint also alleges that the Defendant sold and disposed of the goods and merchandise transferred to him, and collected a large portion of the notes, accounts, &c., received under the agreement.

The Defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action.

From the order overruling the demurrer, the Defendant appealed to this court.

The Defendant urges that Roberts was a gratuitous trustee under the agreement mentioned in the complaint, and that in order to render him liable, the Plaintiff must show that some loss had been sustained by his negligence, want of caution, mistake, or positive misconduct. In this view we think the Defendant mistaken, and that the Defendant was not a trustee, but a purchaser. The first part of the agreement between the parties, above quoted, if considered alone might be regarded as the appointment of Roberts as a trustee by and for Rose and Clark; but such relation of the parties can hardly be established from the instrument considered as a whole. In the construction of an instrument the rule is, that every contract is to be construed with reference to its object and the whole of its terms; and accordingly the whole context must be considered in endeavoring to collect the intention of the parties, even though the immediate object of inquiry be the meaning of an isolated clause. ( *Chit. on Con.*, 83.) Interpreting this contract according to this rule, we think Roberts was a purchaser from, and not the trustee of his copartners. He takes the absolute title of the property, and there is no resulting interest in Rose and Clark, nor does he agree to account for the proceeds. For this title and possession of the property, and the interest of Rose and Clark, he agrees to pay each $100, and also to pay the debts of the firm—an agreement to pay them in full, and not simply so far as the proceeds should be sufficient for that purpose. The agreement to pay the firm debts, and the payment of the $100 each to his associates, was the consideration paid by the Defend-

ant for the stock in trade, notes, &c., belonging to the firm, and such agreements are entirely inconsistent with the idea that the intention was to make Roberts the trustee of Rose and Clark.

This view also disposes of the further objection that there was no consideration for the contract. The contract being under seal of itself imports a consideration, but the complaint shows that the Defendant received a consideration for his promise to pay the debts of the firm, to wit, the full and complete possession and exclusive control of the goods, merchandise, notes, &c., belonging to the firm of Clark, Roberts & Co., and that he had sold and received the proceeds thereof. This was a benefit received by him forming a valuable consideration.

The complaint shows that at the time the agreement was entered into the firm of Clark, Roberts & Co., were owing Hutchinson & Co. and Reve Co. the amount above stated, for which the Plaintiff was liable. The agreement between himself and his copartners could not, of course, affect his liability to creditors of the firm. Nor did his execution of a judgment note to the creditors create any new obligation against him in favor of such creditors of the firm. And whether the judgment obtained thereon was valid or not, cannot make any difference in regard to the liability of the Defendant under the allegations of the complaint. It appears that the judgment represented, or was for the debt of the firm of Clark, Roberts & Co., which was paid by the Plaintiff. The liability of the Defendant to the Plaintiff did not depend upon the fact that the latter had paid a valid judgment rendered upon a debt of the firm of Clark, Roberts & Co., but upon the neglect and refusal of the Defendant to pay the same according to agreement. The Plaintiff would have had a right of action for nominal damages upon merely showing a breach of contract by Defendant, and having also shown actual damage from having paid the debt, he is entitled to recover the same of Defendant.

The order overruling the demurrer is affirmed, with leave to Defendant to answer within twenty days after service of a copy of the order to be entered hereon.